IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAIME ANGEL TORRES,

                Petitioner,

v.                                                            OPINION AND ORDER

WARDEN E. EMMERICH and the                         24-cv-560-wmc
BUREAU OF PRISONS,

                Respondents.

---

Petitioner Jaime Angel Torres is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Torres seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence. (Dkt. #1.) Specifically, Torres contends that he has been denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), that would shorten the length of his imprisonment. Respondents argue that the petition must be denied because Torres is not eligible for the time credits he seeks. (Dkt. #10.) The petition will be denied and this case will be dismissed for the reasons explained below.

OPINION

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws if the United States. 28 U.S.C.

§ 2241(c)(3). Here, petitioner does not demonstrate a constitutional violation or that his sentence has been calculated incorrectly.

Petitioner, a citizen of Mexico, is currently imprisoned as the result of a federal conviction for conspiracy to possess with intent to distribute at least 5 kilograms of cocaine hydrochloride and at least 500 grams of methamphetamine in *United States v. Torres*, No. 1:04-cr-571 (N.D. Ga.). On April 13, 2006, petitioner received a sentence of 300 months' imprisonment followed by a 5-year term of supervised release in that case. His projected release date is January 28, 2028.

Petitioner argues that he would be entitled to speedier release if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"), that he earned for participating in a work program. The First Step Act provides eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). However, even if an inmate is eligible to earn FTCs, BOP cannot apply them if the inmate "is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); see also 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

Respondent has presented evidence that an immigration judge ordered petitioner -- who previously used the alias Raul Alvarez-Hernandez -- to be deported on July 18, 2000, and he was subsequently removed to Mexico. (Palmer Decl. (dkt. #11) at ¶ 8 and attachments G-H.) After petitioner illegally returned to the United States, immigration officials reinstated the previous order of deportation. (Palmer Decl. (dkt. #11) at ¶ 9 and attachment I.) While petitioner was serving his prison sentence for the conviction he received in No. 1:04-cr-571, the United States Department of Homeland Security Immigrations and Customs Enforcement ("ICE") issued an Immigration Detainer - Notice of Action, reflecting that petitioner was subject to a final order of removal. (Palmer Decl. (dkt. #11) at ¶ 10 and attachment J.) Because petitioner is under a final order of removal, he is statutorily excluded from eligibility for FTCs. *See* 18 U.S.C. § 3632(d)(4)(E)(i).

Petitioner disputes that his order of removal is "final," noting that he has filed a motion for withholding of removal with the immigration court. (Dkt. #14.) A "final order of removal" is not specifically defined in either the Immigration and Nationality Act ("INA") or the First Step Act. In *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020), the Supreme Court defined that term in the deportation context as a "final order 'concluding that the noncitizen is deportable or ordering deportation.'" *Id*. (quoting 8 U.S.C. § 1101(a)(47)(A)). Petitioner does not dispute that an order of removal was entered against him. The prospect that petitioner might obtain discretionary relief in a proceeding before an immigration judge does not render his order of removal nonfinal for purposes of calculating his time credits by the BOP. *See Jimenez v. Warden, FCI Fort Dix*, No. CV 24-773 (KMW), 2024 WL 3568714, at *1, (D.N.J. July 26, 2024) ("That Petitioner was also granted immigration relief . . . under the CAT [Convention Against Torture] does not change the fact that he has received a final order of removal.") (citing *Nasrallah*, 590

3

U.S. at 582); *Giang Van Doan v. FCI Berlin Warden*, No. 23-cv-183-LM-AJ, 2024 WL 1095894, at *4, (D.N.H. Feb. 21, 2024) ("Neither Petitioner's prior release from ICE custody, nor any determinations regarding his likelihood of removal, nor any temporary grant of discretionary relief, have rendered the underlying Removal Order nonfinal."), R&R approved, 2024 WL 1093756 (D.N.H. Mar. 13, 2024). Based on this record, petitioner fails to show that his sentence has been calculated incorrectly or that he is entitled to relief under 28 U.S.C. § 2241. Therefore, his petition must be denied.

ORDER

IT IS ORDERED that:

1. The petition filed by Jaime Angel Torres (dkt. #1) is DENIED and this case is DISMISSED with prejudice.

2. The clerk of court is directed to enter judgment and close this case.

Entered on this 11th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge